IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,510-01






EX PARTE JUAN EDWARD CASTILLO








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 2004-CR-1461A


IN THE 186TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam. 



O R D E R



 This case is before us because the trial court notified this Court that no application for
writ of habeas corpus has been filed pursuant to the provisions of Texas Code of Criminal
Procedure Article 11.071. (1)

 On September 9, 2005, the trial court appointed Suzanne Kramer to represent
applicant in a post-conviction writ of habeas corpus under Article 11.071. On October 27,
2006, the State filed in this Court its brief on applicant's direct appeal. Pursuant to Article
11.071, § 4(a), counsel should have filed applicant's application for writ of habeas corpus
in the convicting court no later than December 11, 2006. If a motion for extension was
timely filed and granted, then applicant's application would have been due in the convicting
court no later than March 12, 2007. Art. 11.071, § 4(b). 

 In August 2008, it was brought to the attention of this Court that no application had
been filed on applicant's behalf. Pursuant to Article 11.071, § 4A, because it was well past
the statutory due date and the district clerk had no record that an application had been filed,
we ordered Kramer to file an affidavit with this Court setting out good cause for her failure
to timely file the application. 

 In her affidavit, counsel admitted that she misunderstood the law, and that her
misunderstanding caused her to file applicant's application several months late. However,
she assured this Court that she did file an application on applicant's behalf on September 29,
2007. As proof of the filing, Kramer included with her affidavit an unsigned copy of the
application she claimed to have filed. Also attached to the affidavit was a copy of a
September 29, 2007, postage receipt and a copy of an envelope with a mail stamp of "11
OCT 2007 PM," a return address of the 186th Judicial District Court, and the name "Juan
Castillo" hand written above the return address. In her affidavit, Kramer asserted that the
postage receipt showed that she mailed the Castillo writ application to the trial court in
September 2007, and the envelope showed that the trial court received the application in
October 2007. The problem was that the district clerk of Bexar County still showed no
record that an application was filed in the Castillo case, timely or not. 

 Noting the conflicting information, this Court issued a second order on October 1,
2008, in which it ordered Kramer to produce a second affidavit resolving the discrepancies. 
In her second affidavit, Kramer reminded this Court that "[i]ncluded in my initial response
was a copy of the receipt from the post office indicating the mailing on September 29, 2007
and a copy of the return envelope, indicating receipt of the Writ by the 186th Judicial District
Court." However, other than the handwritten notation of "Castillo" on both of these papers,
and Kramer's sworn statement that these pertain to her mailing the Castillo application to the
trial court, there is no actual proof that the Castillo writ was filed. 

 Although the record is still unclear regarding what happened to the application
Kramer mailed to the trial court, we will accept Kramer's sworn statement that she did, in
fact, deposit the application in the mail for filing with the district court. Accordingly, we will
permit counsel to continue representing applicant, order counsel to re-file within ten (10)
days of the date of this order the already completed application with the district clerk, and
order the district clerk and the trial court to consider the application (once filed) as timely
filed as of October 11, 2007. Once the application is filed, the trial court should proceed to
review the merits of the allegations raised in the application. Kramer is further ordered to
send to this Court within fifteen (15) days of the date of this order, a file-stamped copy of the
front page of the application. Should Kramer fail to re-file the application within ten (10)
days of the date of this order, the trial court is ordered to immediately notify this Court of that
fact and await further orders. 

 IT IS SO ORDERED THIS THE 18th DAY OF MARCH, 2009.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.